**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

JAMES L. RUBEY,

        Plaintiff,

    v.

MEGAN J. BRENNAN, Postmaster General, United States Postal Service,

        Defendant.

Case No. 3:17-cv-00076-SLG

## **MEMORANDUM OF DECISION AND ORDER**

### **I.    INTRODUCTION**

This is an employment action. Plaintiff James Rubey initiated the case in April 2017. The Complaint sets forth two causes of action: a retaliation claim under 42 U.S.C. § 2000e-(3)(a), *et seq*, and a discrimination and failure to accommodate claim under the Rehabilitation Act, 29 U.S.C. § 791, *et seq*. In an order dated January 25, 2019, the Court granted summary judgment to the defendant on the discrimination and failure to accommodate claim.[1] A bench trial on the retaliation claim was held in April 2019.[2]

---

[1] Docket 33 (Order on Motion for Summary Judgment) at 18–19.

[2] Dockets 46, 47, 49 (Minute Entries).

Federal Rule of Civil Procedure 52(a) provides that "in an action tried on the facts without a jury . . . the court must find the facts specially and state its conclusions of law separately." Having considered the testimony of the witnesses, the exhibits admitted into evidence, and the parties' arguments and filings, the Court now makes the Findings of Fact and Conclusions of Law as set forth below.[3]

## II.  FINDINGS OF FACT

The Court finds the following facts by a preponderance of the evidence:

**1.** James Rubey worked for many years as a mail processing clerk for the United States Postal Service ("USPS") in Anchorage, Alaska.

**2.** Mr. Rubey had a light duty assignment at his employment to accommodate his medical restrictions.  Mr. Rubey was disabled as a result of two motor vehicle accidents.  He had trouble sitting for long periods of time.

**3.** A light duty assignment accommodates a federal employee with a disability when the employee is disabled from an injury that was incurred while off the job.

**4.** The light duty assignment in effect for Mr. Rubey in May 2015 was dated October 24, 2013.  It provided that Mr. Rubey's assignment would consist of

---

[3] This Memorandum of Decision does not purport to recite all of the evidence submitted and arguments made by the parties. *See* Fed. R. Civ. P. 52(a) advisory committee's note to 1946 amendment) ("[T]he judge need only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts.").

Case No. 3:17-cv-00076-SLG, *Rubey v. Brennan*
Memorandum of Decision and Order
Page 2 of 9

"4 hours Working Express Mail Duties" and "4 hours Working Manual operations . . . to include Manual Letters, Flat, box 19." The 2013 assignment also stated it "in no way constitutes a permanent job offer" and that "[l]ight duty employees are not guaranteed 8 hours of work. In the event of limited volumes of mail, light duty employees will be released in accordance with the contract."

5. Mr. Rubey initially refused to sign the 2013 light duty assignment, but ultimately accepted it on October 24, 2013. Previously, Mr. Rubey used to work his entire eight hour shift at express mail, which he preferred to working at the manual flats area. However, his prior light duty assignments had also listed working in the manual flats area.

6. Mr. Rubey filed a grievance shortly after October 24, 2013. The grievance is not in the record, but appears to relate to the fact that when Mr. Rubey initially refused to sign the light duty assignment prior to October 24, 2013, he had been sent home on several occasions in early October 2013. Michael Newcomer, a manager at USPS, reviewed the grievance and denied it in November 2013. Mr. Rubey did not establish by a preponderance of the evidence that the filing of that grievance in 2013 was protected activity related to his disability.

Case No. 3:17-cv-00076-SLG, *Rubey v. Brennan*
Memorandum of Decision and Order
Page 3 of 9

7. The Post Office had the right to reassign Mr. Rubey (and other postal employees) to meet its changing needs, so long as the reassignment for Mr. Rubey accommodated his medical restrictions.

8. The 2013 light duty assignment, including the work at the manual flats, accommodated Mr. Rubey's medical restrictions. In late 2013, Mr. Rubey did not complete the grievance process to challenge whether the new light duty assignment constituted a reasonable accommodation. Instead, he decided to give the new light duty assignment a try to see if he was able to do the assignments that were set out there.

9. Mr. Rubey made a number of grievances and Family Medical Leave Act ("FMLA") requests in the years preceding his termination. Mr. Newcomer was aware of many of these actions.

10. Mr. Rubey did not seek to admit at trial any documentation that constituted a grievance. Nor was any documentation of FMLA requests or responses to such requests admitted into evidence. The Court did admit into evidence email correspondence discussing certain grievances that Mr. Rubey had filed, but not the actual grievances or the FMLA documents themselves. The emails included Mr. Newcomer as an author of some of the emails and as a recipient of others.

11. On May 26, 2015, Mr. Newcomer was working as an In-Plant Support Manager at the Anchorage main post office facility. Mr. Rubey reported to

Case No. 3:17-cv-00076-SLG, *Rubey v. Brennan*
Memorandum of Decision and Order
Page 4 of 9

work at approximately 8 p.m. that evening. Mr. Newcomer was not Mr. Rubey's direct supervisor, but he had supervisory authority over Mr. Rubey.

**12.** On May 26, 2015, Mr. Rubey began his work at the Express Mail area. After about an hour at that location, Mr. Newcomer approached Mr. Rubey and directed him to leave his assignment in the Express Mail area and proceed to work in the manual flats area instead.

**13.** Mr. Rubey questioned Mr. Newcomer's authority to reassign him to the manual flats area and refused to go there. Mr. Rubey testified that he raised his voice and let Mr. Newcomer know that he didn't supervise him.

**14.** Mr. Newcomer then phoned the police to have Mr. Rubey removed from the premises.

**15.** As Mr. Rubey was being escorted off the premises, he made a gesture in which he pointed to his forehead with his index finger and spoke to Mr. Newcomer. The intent of Mr. Rubey's gesture is unclear.

**16.** Mr. Newcomer reasonably interpreted Mr. Rubey's gesture and words as a threat to him. Police officer Zachary Stone testified that he saw the gesture and interpreted it as indicating a "bullet to the brain."

**17.** On June 17, 2015, USPS issued Mr. Rubey a Notice of Removal, which accorded him 30 days' notice that he was being terminated. The reasons given in the Notice of Removal included that Mr. Rubey had repeatedly failed to follow the instructions given by Mr. Newcomer, and that he violated rules

Case No. 3:17-cv-00076-SLG, *Rubey v. Brennan*
Memorandum of Decision and Order
Page 5 of 9

of conduct by being loud and threatening towards Mr. Newcomer. Although it is rare for insubordination to result in the termination of a postal service employee, the Court finds that Mr. Rubey was insubordinate on May 26, 2015, and that the insubordination was one of the reasons that Mr. Rubey was terminated, together with Mr. Rubey's gesture and words directed at Mr. Newcomer.

18. Mr. Rubey had filed an informal Equal Employment Opportunity ("EEO") complaint in 2010. However, Mr. Newcomer was not aware of that complaint. Shortly thereafter, Mr. Newcomer handled a separate issue involving Mr. Rubey in which Mr. Newcomer denied Mr. Rubey's back pay request as untimely.

19. The filing of the 2010 EEO complaint was not a but-for cause of Mr. Rubey's termination in 2015.

20. The USPS's Employee Labor Relations Manual ("ELM"), Section 665.15 states that employees must "obey the instructions of their supervisors." ELM Section 665.15 also states that "[i]f an employee has reason to question the propriety of a supervisor's order, the individual must nevertheless carry out the order" and may grieve it later. Mr. Rubey's interpretation that this section of the ELM applies only to an employee's direct supervisor, and not to any other supervisors in the chain of command, is not reasonable.

Case No. 3:17-cv-00076-SLG, *Rubey v. Brennan*
Memorandum of Decision and Order
Page 6 of 9

**21.** Mr. Newcomer was a supervisor of Mr. Rubey within the meaning of Section 665.15, even though he was not Mr. Rubey's direct supervisor.

**22.** On May 26, 2015, Mr. Rubey was insubordinate when he refused to follow Mr. Newcomer's order to go to the manual flats area.

### III. CONCLUSIONS OF LAW

**1. Burden of Proof.** Plaintiff has the burden of proving his claim by a preponderance of the evidence, which means that the trier of fact must be persuaded by the evidence that the claim is more likely true than not true.

**2. The Rehabilitation Act.** Section 501 of the Rehabilitation Act protects federal employees from being discriminated against because of a qualified disability.[4] The Rehabilitation Act incorporates the Americans with Disabilities Act's retaliation provision, 42 U.S.C. § 12203(a).[5]

**3. Protected Activities.** Two types of activities are protected from retaliation pursuant to the incorporated provision: participating in an employment discrimination proceeding and opposing an unlawful employment practice. The former protection applies when an employee has "made a charge, testified, assisted, or participated in any manner in an investigation,

---

[4] 29 U.S.C. § 791.

[5] *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004); *Aki v. Univ. of California Lawrence Berkeley Nat'l Lab.*, 74 F. Supp. 3d 1163, 1180 (N.D. Cal. 2014).

Case No. 3:17-cv-00076-SLG, *Rubey v. Brennan*
Memorandum of Decision and Order
Page 7 of 9

proceeding, or hearing under this chapter."[6] The latter protection "prohibits an employer from retaliating against an applicant or employee because he has opposed any practice made an unlawful employment practice."[7] Informal as well as formal complaints or demands are protected activities.[8]

**4.** Mr. Rubey's 2010 EEO complaint constituted protected activity under the Rehabilitation Act.

**5.** The filing of Mr. Rubey's 2010 EEO complaint was not the but-for cause of his suspension in May 2015 or his termination in June 2015.[9]

**6.** Mr. Rubey's protests in the weeks prior to October 24, 2013, regarding the terms of the 2013 light duty assignment did not constitute protected activity.[10]

---

[6] 42 U.S.C. § 12203(a).

[7] *E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 303 F.3d 994, 1005 (9th Cir. 2002), *on reh'g en banc*, 345 F.3d 742 (9th Cir. 2003) (quotations omitted) (citing 42 U.S.C. § 12203(a)).

[8] *See Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000) (allowing retaliation claim based on informal complaints to a supervisor in a Title VII case (citing *Moyo v. Gomez*, 40 F.3d 982 (9th Cir.1994) (allowing retaliation claim based on informal protest of allegedly discriminatory policy in a Title VII case))); *see also Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009) ("[T]he anti-retaliation provision of the ADA, 42 U.S.C. § 12203(a), uses similar language to that in Title VII, 42 U.S.C. § 2000e–3(a); thus, courts look to Title VII retaliation cases for guidance in deciding retaliation cases under the ADA.").

[9] *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343 (2013) (clarifying that employee must show "but for " causation).

[10] *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (explaining that conduct must "fairly fall within the protection" of applicable statute to make a case of unlawful retaliation).

Case No. 3:17-cv-00076-SLG, *Rubey v. Brennan*
Memorandum of Decision and Order
Page 8 of 9

**7.** Even if Mr. Rubey's protests in the weeks prior to October 24, 2013, regarding the terms of the 2013 light duty assignment constituted protected activity, those protests were not the but-for cause of Mr. Rubey's suspension in May 2015 or his termination in June 2015.

**8.** USPS had legitimate nondiscriminatory reasons for Mr. Rubey's job suspension on May 26, 2015.

**9.** USPS also had legitimate nondiscriminatory reasons for the issuance of the Notice of Removal on June 17, 2017.

## IV.  ORDER

For the foregoing reasons, Defendant is entitled to judgment in her favor, and the Clerk of Court is directed to enter a final judgment accordingly.

DATED this 9th day of October at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:17-cv-00076-SLG, *Rubey v. Brennan*
Memorandum of Decision and Order
Page 9 of 9